IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASSPORT HEALTH, INC., a Maryland Corporation,<br>    Plaintiff,<br>  v.<br>TRAVEL MED, INC., a California Corporation; GINA FLAHARTY, an individual and citizen of the State of California,<br>    Defendants.<br>_____<br>TRAVEL MED, INC., a California Corporation; GINA FLAHARTY, an individual and citizen of the State of California,<br>    Counter-Claimants,<br>  v.<br>PASSPORT HEALTH, INC., a Maryland Corporation,<br>    Counter- Claim Defendant.<br>_____ | 2:09-cv-01753-GEB-JFM<br><br>ORDER IMPOSING A SANCTION |

    Plaintiff's lawyer was issued an Order to Show Cause ("OSC") in an order filed September 18, 2009.  The OSC was issued because Plaintiff failed to file a status report "with the court not later than fourteen (14) days prior to the [September 21, 2009] scheduling

1 conference" as required in the Order Setting Status (Pretrial
2 Scheduling Conference), filed on June 25, 2009.  Plaintiff's counsel
3 indicates this language confused her about the deadline for the status
4 report.  The language is clear, and Plaintiff's counsel should confess
5 her error rather than wasting time with such an untenable contention.
6 Plaintiff failed to file a timely status report and waited until after
7 the status report was due to seek a continuance of the filing
8 deadline.  Plaintiff's counsel states she assumed her continuance
9 request would change the date on which Plaintiff's status report was
10 due, even though the status report was required to have been filed
11 before Plaintiff's counsel filed her continuance request.  Plaintiff's
12 response to the OSC is poppycock.
13      Plaintiff's counsel should know that "[a] scheduling order
14 is not a frivolous piece of paper, idly entered, which can be
15 cavalierly disregarded by counsel without peril . . . .  Disregard of
16 the order would undermine the court's ability to control its docket
17 . . . and reward the indolent and the cavalier."  Johnson v. Mammoth
18 Recreations, Inc. 975 F.2d 604, 610 (9th Cir. 1992) (internal citation
19 and quotations omitted); see also Ayers v. City of Richmond, 895 F.2d
20 1267, 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure
21 to attend a settlement conference because **"the date 'slipped by him'"**)
22 (emphasis added).  "The cogs of the wheel of justice move much more
23 smoothly when attorneys who practice in this court follow the rules of
24 practice and procedure . . . ."  Dela Rosa v. Scottsdale Memorial
25 Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir. 1998).
26      Since Plaintiff's counsel failed to file a timely status
27 report, and the response of Plaintiff's attorney JENNIFER M. LANTZ
28 and/or HAYNES AND BOONE, LLP to the OSC is insufficient to avoid

imposition of a sanction, a sanction will be imposed.  Therefore, Plaintiff's attorney JENNIFER M. LANTZ and/or HAYNES AND BOONE, LLP, is sanctioned four hundred fifty dollars ($450.00) for failure to timely file a status report.  This sanction shall be paid to the Clerk of this Court within ten (10) days from the date on which this Order is filed by a check made payable to the "United States Treasury."  Proof of payment shall be sent to the undersigned judge's chambers within five (5) days of payment.  This sanction is personal to counsel or her law firm and shall not be transmitted to counsel's client.

Dated:  October 6, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge