1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7            FOR THE EASTERN DISTRICT OF CALIFORNIA

8
PASSPORT HEALTH, INC., a           )
9  Maryland corporation,             )      2:09-cv-01753-GEB-JFM
                                    )
10               Plaintiff,          )
                                    )      ORDER AWARDING PLAINTIFF
11          v.                       )      ATTORNEYS' FEES AND COSTS
                                    )
12  TRAVEL MED, INC., a California   )
   corporation and GINA FLAHARTY,   )
13  an individual and citizen of the )
   State of California              )
14                                   )
               Defendants.          )
15  _____  )

16          Plaintiff seeks $362,123.48 in attorneys' fees and costs as

17  the prevailing party in this action. (ECF No. 89.) Judgment was entered

18  in Plaintiff's favor on September 6, 2011. (ECF No. 82.) Defendants

19  oppose the motion. (ECF No. 98.)

20            Plaintiff argues it is entitled to the attorneys' fees it

21  seeks under Section 1717 of the California Civil Code. (Mot. 12:8-14.)

22  This statute "authorizes reasonable attorney's fees 'in any action on a

23  contract, where the contract specifically provides that attorney's fees

24  and costs, which are incurred to enforce the contract, shall be awarded

25  . . . to the prevailing party.'" Barrientos v. 1801-1825 Morton LLC, 583

26  F.3d 1197, 1216 (9th Cir. 2009) (quoting CAL. CIV. CODE § 1717(a)).

27  Plaintiff argues that the Franchise Agreement provides for attorneys'

28  fees and costs to the prevailing party. (Mot. 12:16-27.)

                                   1

1    Defendants counter that Plaintiff's motion for attorneys' fees
2    should be denied "because Plaintiff failed to first seek mediation
3    and/or arbitration of this dispute prior to filing the instant lawsuit
4    as required by the Franchise Agreement"; or, in the alternative, that
5    the request "should be reduced to a reasonable amount because
6    Plaintiff's counsel charged rates far in excess of a reasonable rate for
7    the Sacramento area for legal services." (Opp'n 2:4-9.)
8    Defendants argue that the portion of the Franchise Agreement
9    authorizing an award of attorneys fees is "subject to" the requirement
10   that the parties submit their claims to mediation and/or arbitration
11   prior to filing suit, which did not occurr. <u>Id.</u> 5:6-9. Plaintiff
12   counters that the Franchise Agreement "exempts some claims, including
13   [Plaintiff's] claims in this matter, from the mediation requirement."
14   (Reply 2:8-9.)
15   The Franchise Agreement prescribes, notwithstanding certain
16   disputes that are to be arbitrated, "the parties may bring an action
17   . . . for monies owed, [and] for injunctive or other extraordinary
18   relief, . . . without submitting such action to mediation." (App. to
19   Mot. Ex. 26, § 22(f)(i).) Therefore, the Franchise Agreement did not
20   require Plaintiff to submit its claims to mediation or arbitration. The
21   Franchise Agreement prescribes that the prevailing party "shall be
22   awarded its costs and expenses including, but not limited to reasonable
23   accounting, paralegal, expert witness and attorneys' fees[.]" <u>Id.</u> §
24   22(h). Since Plaintiff is the prevailing party, Plaintiff is entitled to
25   seek an award of reasonable attorneys' fees and costs in this lawsuit.
26   To determine whether a request for attorneys' fees is
27   reasonable, courts in this circuit use the lodestar method and multiply
28   "the number of hours the prevailing party reasonably expended on the

1  litigation  by  a  reasonable  hourly  rate." Camacho  v.  Bridgeport

2  Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Ferland v.

3  Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).

4          Defendants argue Plaintiff's requested hourly rates for its

5  attorneys are unreasonable since they "are not in line with those in the

6  Sacramento  region."  (Opp'n  7:15.)  Plaintiff  responds  arguing  "a

7  reasonable rate should reflect not only the market rates, but the skill

8  and  experience  of  the  prevailing  party's  counsel."  (Reply  3:5-6.)

9  Plaintiff further argues "that the unique and complex trademark and

10 franchise issues involved in this case required attorneys experienced in

11 those areas and . . . attorneys with experience in franchise litigation

12 are not present in the Sacramento market." Id. 3:7-8, 4:14.

13          "[I]n determining a reasonable hourly rate, the district court

14 should be guided by the rate prevailing in the community for similar

15 work performed by attorneys of comparable skill, experience, and

16 reputation." Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)

17 (quoting Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir.

18 1986)). "[N]ormally the relevant legal community for determining the

19 prevailing market rates for attorneys' fees is the community in which

20 the forum is situated." Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir.

21 1994). "[T]he burden is on the fee applicant to produce satisfactory

22 evidence-in addition to the attorney's own affidavits-that the requested

23 rates are in line with those prevailing in the community for similar

24 services by lawyers of reasonably comparable skill, experience and

25 reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). "If the

26 prevailing party fails to meet this standard, the fee request is reduced

27 or excluded altogether." Schultz v. Ichimoto, No. 1:08-cv-526-OWW-SMS,

28 2010 WL 3504781, at *8 (E.D. Cal. Sept. 7, 2010).

1    Plaintiff's requested rates for its attorneys' fees are

2  supported solely by the affidavit of Plaintiff's counsel, Aimee Furness;

3  however, she does not address the prevailing market rates in this

4  community. Further, Plaintiff's conclusory arguments that this case was

5  unique and complex do not satisfy Plaintiff's obligation of producing

6  evidence of the rates charged by comparably skilled attorneys in this

7  community for similar litigation services. Since Plaintiff has failed to

8  satisfy its burden of showing that its hourly rates are reasonable and

9  "in line with those prevailing in the community" Plaintiff's hourly

10  rates will be reduced to a reasonable hourly rate. Blum, 465 U.S. at 895

11  n.11.

12    Defendants' counsel, Matthew Pearson, has provided a

13  declaration in which he avers the prevailing market rates in the

14  community for similar services are as follows:

15    Most attorneys with 8-10 years experience in the
     Sacramento region set their rates around $250.00
16    per hour for business or trademark litigation.
     . . . Generally, junior associate rates are between
17    $100 and $75 per hour less than the partners in the
     same firm. . . . Paralegal rates are . . .
18    generally $100 per hour or less in Sacramento.

19  (Pearson Decl. ¶ 4, ECF No. 99.) The hourly rates in Pearson's

20  declaration are within rate ranges previously found reasonable in this

21  community, and are not controverted by Plaintiff. Therefore, Plaintiff's

22  hourly rates shall be reduced to the following hourly rates: $250 for

23  partners, $150 for associates, and $75 for paralegals.

24    Plaintiff also requests fees for the work of a "consultant".

25  (Mot. 10:23-24.) However, Plaintiff has not explained what services the

26  consultant provided, nor offered any support for these fees; therefore,

27  the fees' claimed for the consultant are excluded entirely.

28  ///

1    Defendants also argue that certain charges should be excluded

2  from Plaintiff's request because of "block billing". (Opp'n 9:6-9.)

3  However, the time claimed by Plaintiff is reasonable and will not be

4  reduced. Consequently, Plaintiff's reasonable fees are as follows:

| NAME | Title | HOURS | HOURLY RATE | FEE AMOUNT |
|------|-------|-------|-------------|------------|
| Aimee Furness | Partner | 200.4 | $250 | $50,100 |
| Jason Gonder | Associate | 225.2 | $150 | $33,780 |
| Melissa Celeste | Associate | 244.3 | $150 | $36,645 |
| Jennifer Lantz | Partner | 24.3 | $250 | $6,075 |
| Jan Gilbert | Partner | 16.4 | $250 | $4,100 |
| George Graves | Associate | 24.3 | $150 | $3,645 |
| Charlie Jones | Associate | 10.9 | $150 | $1,635 |
| Ben Mesches | Partner | 1.5 | $250 | $375 |
| David Bell | Partner | 0.7 | $250 | $175 |
| Dorthea Carr | Paralegal | 54 | $75 | $4,050 |
| Ricky Cabrera | Paralegal | 36.8 | $75 | $2,760 |
| Steven Burge | Paralegal | 13.5 | $75 | $1,012.50 |
| Denise Wilson | Paralegal | 3.0 | $75 | $225 |
| Carol Finn | Paralegal | 0.2 | $75 | $15 |
| Michael Brockwell | Consultant | 0.7 | – | 0 |

In total, Plaintiff is awarded $144,592.50 for the attorneys'

fees it incurred to enforce the Franchise Agreement.

In addition, Plaintiff is entitled to the fees it incurred

preparing its motion for attorneys fees since "time spent in

establishing the entitlement to and amount of the fee is compensable."

Camacho, 523 F.3d at 981 (citation and internal quotation marks

omitted). Furness includes in her declarations the time she, two

associates, and a paralegal spent preparing the motion and reply. (Decl.

1  of Furness in Supp. of Mot. ¶ 11; Decl. of Furness in Supp. of Reply ¶

2  3.) Defendants do not address this request.

3          Plaintiff's request is reduced by the amount of time Furness

4  anticipated spending "preparing and participating in oral argument",

5  since this matter was submitted without oral argument. (ECF No. 103.)

6  Using the reduced hourly rates discussed *supra*, Plaintiff's reasonable

7  fees for the preparation of this motion are as follows:

| NAME | Title | HOURS | HOURLY RATE | FEE AMOUNT |
|---|---|---|---|---|
| Aimee Furness | Partner | 5.5 | $250 | $1,375 |
| Jason Gonder | Associate | 1.6 | $150 | $240 |
| George Graves | Associate | 40 | $150 | $6,000 |
| Katherine Rogers | Paralegal | 7.1 | $75 | $532.5 |

14          Therefore, Plaintiff is awarded $8,147.50 for the attorneys'

15  fees it incurred preparing this motion.

16          Defendants do not address Plaintiff's request for costs. Since

17  the Franchise Agreement specifically allows for an award of costs,

18  Plaintiff's request for $22,972.48 in costs is granted.

19          For the foregoing reasons, Plaintiff is awarded $175,712.48 in

20  attorneys' fees and costs.

21  Dated:  December 14, 2011

22

23  _____
    GARLAND E. BURRELL, JR.
24  United States District Judge

25

26

27

28

6