IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PASSPORT HEALTH, INC., a Maryland Corporation, | ) )  ) | 2:09-cv-01753-GEB-JFM |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| TRAVEL MED, INC., a California Corporation, and GINA FLAHERTY, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff filed a motion for post-judgment orders against Defendant Travel Med, Inc. ("Travel Med"), seeking:

> An Order pursuant to Code of Civil Procedure section 699.040 that [Travel Med] shall turn over to PLAINTIFF all non-exempt personal property together with documentary and electronic evidence of title, including but not limited to [Travel Med's] customer list, business telephone number(s), . . . and [Travel Med's] business web address(es) . . . .
>
> An Order pursuant to Code of Civil Procedure sections 708.510-708.560 directing [Travel Med] to assign to PLAINTIFF, or in the alternative to a Receiver, to the extent necessary to fully pay and satisfy the judgment with all accrued interest and post-judgment costs, the rights to any and all payments due or to become due to [Travel Med] including but not limited to from [Travel Med's] business operations at 4250 H Street, Suite 4, Sacramento, CA 95819, 850 Iron Point Road, Suite 150, Folsom, CA 95630 and 125 N. Lincoln Street, Suite I, Dixon, CA . . . .
>
> An Order pursuant to Code of Civil Procedure sections 564(b)(4) and 708.620 appointing a Post

1

        Judgment Receiver to take possession of [Travel Med's] business and any and all real and/or personal property owned by [Travel Med] either directly, indirectly, or beneficially (which are not exempt from execution), all for the purpose of having it lawfully liquidated and the proceeds applied to the satisfaction of the Judgment, and to have access to all books and records pertaining to [Travel Med's] business, all for the purpose of identifying and applying its assets toward satisfaction of the Judgment . . . .

        An Order pursuant to Code of Civil Procedure sections 526 and 708.520(a) restraining [Travel Med] from assigning or otherwise disposing, through sale, transfer, conveyance, or encumbrance of all of [Travel Med's] property, assets and rights to payments pending satisfaction of the Judgment herein.

(Pl.'s Mot. 1:23-2:23.) Travel Med opposes the motion, arguing "Plaintiff's motion must be denied in its entirety because Travel Med's sole shareholder, [Gina Flaherty], filed for bankruptcy on or about December 30, 2011 and an automatic stay bars [Plaintiff] from taking any further action[.]" (Def.'s Opp'n 1:24-26.) Further, Travel Med argues Plaintiff's requested turnover order is improper and broad; its requested assignment order for all payments is broad, vague, and ambiguous; and its requests for a receiver and a restraining order is unnecessary. Id. 2:3-16.

## I. AUTOMATIC STAY

        Travel Med argues "an automatic stay bars [Plaintiff] from taking any further action against [Travel Med] under 11 [U.S.C.] § 362 because protection of the automatic stay is extended to non-debtors where an action [against] a non-debtor might have a significant adverse impact upon the debtor." Id. 1:26-28. Plaintiff rejoins, arguing "the automatic stay [imposed because of Flaherty's] Chapter 7 filing does not extend to [Travel Med], despite the fact that [Travel Med] is wholly owned by Ms. Flaherty." (Pl.'s Reply 2:5-7.)

"The automatic stay of § 362(a)(1) prohibits the 'commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . to recover a claim against the debtor that arose before the commencement of the case under this title.'" Zurich Am. Ins. Co. v. Trans Cal Assoc., No. CIV. 2:10-01957, 2011 WL 6329959, at *2 (E.D. Cal. Dec. 16, 2011) (quoting § 362(a)(1)). "In the absence of special circumstances, stays pursuant to [§] 362(a) are limited to debtors and do not include . . . non-bankrupt co-defendants." Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1427 (9th Cir. 1987). Here, "the entity defendant[] [has] not filed for bankruptcy, and so the claims against [it] are not automatically stayed by § 362(a)." Zurich Am. Ins. Co., 2011 WL 6329959, at *2; see also Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003) ("[A] suit against a codefendant is not automatically stayed by a debtor's bankruptcy filing.").

## II. REQUESTED RELIEF

The execution of final judgments is governed by Federal Rule of Civil Procedure ("Rule") 69(a)(1), which states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Therefore, "[p]ost-judgment enforcement proceedings in this court must comply with California law." Garden City Boxing Club, Inc. v. Briano, No. CIV-F-06-1270, 2007 WL 4463264, at *2 (E.D. Cal. Dec. 17, 2007) (citing Credit Suisse v. U.S. Dist. Court for Cent. Dist. of Cal., 130 F.3d 1342, 1344 (9th Cir. 1997); Hilao v. Estate of Marcos, 95 F.3d 848, 850 (9th Cir. 1996)). The California Code of Civil Procedure "provides

procedures for the assignment of assets, issuance of restraining orders, and issuance of turnover orders." UMG Recordings, Inc. v. BCD Music Grp., Inc., No. CV 07-05808, 2009 WL 2213678, at *1 (C.D. Cal. July 9, 2009).

### A.   Turnover Order Under Section 699.040

Plaintiff seeks "[a]n Order pursuant to Code of Civil Procedure section 699.040 that [Travel Med] shall turn over to PLAINTIFF all non-exempt personal property together with documentary and electronic evidence of title, including but not limited to [Travel Med's] customer list, business telephone number(s), including but not limited to (916) 254-2100, and [Travel Med's] business web address(es)[.]" (Pl.'s Mot. 1:23-2:2.) Defendant counters arguing, *inter alia*, that "a turnover order under [section] 699.040 may only be used to have the judgment debtor transfer tangible property to the levying officer because that is property that can be taken into custody." (Def.'s Opp'n 4:13-15 (emphasis omitted).)

Section 699.040(a) prescribes:

> (a) If a writ of execution is issued, the judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs or a court rule so requires, for an order directing the judgment debtor to transfer to the levying officer either or both of the following:
>
> (1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody.
>
> (2) Possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon. An order pursuant to this paragraph may be served when the property or debt is levied upon or thereafter.

Cal. Civ. Proc. Code. § 699.040(a). "The statute allows a judgment creditor to seek an order directing the judgment debtor to transfer [the

4

enumerated property and documentary evidence] *to the levying officer* . . . . It does not allow a turnover to the judgment creditor." <u>Palacio Del Mar Homeowners Ass'n, Inc. v. McMahon</u>, 174 Cal. App. 4th 1386, 1391 (2009) (emphasis in original). Therefore, Plaintiff's request to turn over all non-exempt personal property to Plaintiff is DENIED.

**B.   Assignment Order Under Section 708.510-.560**

Plaintiff also seeks

> An Order pursuant to Code of Civil Procedure sections 708.510-708.560 directing [Travel Med] to assign to PLAINTIFF, or in the alternative to a Receiver, to the extent necessary to fully pay and satisfy the judgment with all accrued interest and post-judgment costs, the rights to any and all payments due or to become due to [Travel Med] including but not limited to from [Travel Med's] business operations at 4250 H Street, Suite 4, Sacramento, CA 95819, 850 Iron Point Road, Suite 150, Folsom, CA 95630 and 125 N. Lincoln Street, Suite I, Dixon, CA[.]

(Pl.'s Mot. 2:3-10.) Travel Med rejoins, arguing Plaintiff's "request for 'all payments due to [Travel Med] from its business operations' is too broad, vague, and ambiguous to warrant consideration." (Def.'s Opp'n 6:21-22.)

Under section 708.510(a):

> Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor or to a receiver appointed pursuant to Article 7 (commencing with Section 708.610) all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments: (1) Wages due from the federal government that are not subject to withholding under an earnings withholding order. (2) Rents. (3) Commissions. (4) Royalties. (5) Payments due from a patent or copyright. (6) Insurance policy loan value.

"Although the Court may take into consideration all relevant factors,

5

1  [including those enumerated in section 708.510(c),] the sole constraints
2  placed on the Court are that the right to payment be assigned only to
3  the extent necessary to satisfy the creditor's money judgment and that,
4  where part of the payments are exempt, the amount of payments assigned
5  should not exceed the difference between the gross amount of the
6  payments and the exempt amount." <u>Sleepy Hollow Inv. Co. No. 2 v.</u>
7  <u>Prototek, Inc.</u>, No. C 03-4792, 2006 WL 279349, at *2 (N.D. Cal. Feb. 3,
8  2006); <u>see also</u> Cal. Civ. Pro. Code § 708.510(d) ("A right to payment
9  may be assigned pursuant to this article only to the extent necessary to
10 satisfy the money judgment.").

11 "'[D]etailed evidentiary support' is not required under
12 [section] 708.510. But some evidentiary support is still needed;
13 [section] 708.510 refers to a 'payment due or become due,' which
14 suggests some degree of concreteness to the expected payment is
15 required." <u>Legal Additions LLC v. Kowalksi</u>, No. C-08-2754, 2011 WL
16 3156724, at *2 (N.D. Cal. July 26, 2011) (emphasis omitted) (internal
17 citations omitted). "Certainly, there needs to be more than just
18 speculation before the remedy of an assignment can be provided." <u>Id.</u>

19 "Plaintiff's request appears to be for a general assignment of
20 all possible funds due to Defendant; [it] has failed to identify any
21 specific source of money to be assigned." <u>Garden City Boxing Club, Inc.</u>
22 <u>v. Briano</u>, No. CIV-F-06-1270, 2007 WL 4463264, at *2 (E.D. Cal. Dec. 17,
23 2007); <u>see also</u> <u>UMG Recordings, Inc. v. BCD Music Grp., Inc.</u>, No. CV 07-
24 05808, 2009 WL 2213678, at *2 (C.D. Cal. July 9, 2009) ("The Court
25 rejected UMG's assignment request because of its generality and failure
26 to identify any specific assets."). Therefore, Plaintiff's request for
27 an assignment of all payments due is DENIED.
28

  **C. Appointment of a Receiver**

   Plaintiff also seeks

> [a]n Order pursuant to Code of Civil Procedure sections 564(b)(4) and 708.620 appointing a Post Judgment Receiver to take possession of [Travel Med's] business and any and all real and/or personal property owned by [Travel Med], either directly, indirectly, or beneficially (which are not exempt from execution), all for the purpose of having it lawfully liquidated and the proceeds applied to the satisfaction of the Judgment, and to have access to all books and records pertaining to [Travel Med's] business, all for the purpose of identifying and applying its assets toward satisfaction of the Judgment[.]

(Pl.'s Mot. 2:11-19.) Travel Med rejoins, arguing "the appointment of a receiver is not necessary to protect anyone's interest in the property." (Def.'s Opp'n 8:15-17.)

  "Rule 66 governs the appointment of a receiver in federal court." Office Depot Inc. v. Zuccarini, 596 F.3d 696, 701 (9th Cir. 2010). "Under [Rule] 66, federal courts are authorized to appoint receivers, but doing so is considered an 'extraordinary remedy.'" First Cmty. Bank v. Miller, No. 09-80131, 2010 WL 2528964, at *2 (N.D. Cal. June 18, 2010) (quoting Canada Life Assurance Co. v. LaPeter, 563 F.3d 837, 844 (9th Cir. 2008)).

  "Notwithstanding, when the federal statute is a general procedural rule, specific state statutes addressing the particular proceeding at issue apply." Joe Hand Promotions, Inc. v. Saddeldin, No. 1:09-cv-02197, 2011 WL 1806919, at *1 (E.D. Cal. May 10, 2011) (citing Office Depot Inc., 596 F.3d at 701). "Therefore, state law has been applied under Rule 69(a) to appointment of receivers, when such actions are undertaken in aid of executing a judgment." Id.

  Under California law, "the court may appoint a receiver to enforce the judgment where the judgment creditor shows that, considering

7

the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment." Cal. Civ. Proc. Code § 708.620. "The legislative comment to [section] 708.620 indicates that, under this section, a receiver may be appointed where a writ of execution would not reach certain property and other remedies appear inadequate." J&J Sports Prods., Inc. v. Huezo, No. C 09-4906, 2011 WL 1134265, at *2 (N.D. Cal. Mar. 25, 2011).

Plaintiff argues as follows in support of its request for appointment of a receiver:

> The appointment of a post-judgment receiver would be the most efficient way to enforce collection and the most efficient way to affect an assignment order. There would be minimal interruption in [Travel Med's] business by having a post-judgment receiver appointed to take possession of [Travel Med's] business and any and all non-exempt real and/or personal property owned by [Travel Med] for the purpose of having it lawfully liquidated and the proceeds applied to the satisfaction of the Judgment, and to have access to all books and records pertaining to [Travel Med's] business, all for the purpose of applying such assets toward satisfaction of the Judgment.

(Pl.'s Mot. 7:1-8.) Since Plaintiff has not shown why appointment of a receiver is a reasonable method of satisfying the judgment, that certain property is unable to be reached without it, and that other remedies are inadequate, Plaintiff's request to appoint a receiver is DENIED.

**D.   Injunction**

Plaintiff seeks "[a]n Order pursuant to Code of Civil Procedure sections 526 and 708.520(a) restraining [Travel Med] from assigning or otherwise disposing, through sale, transfer, conveyance, or encumbrance of all of [Travel Med's] property, assets and rights to payments pending satisfaction of the Judgment herein." (Pl.'s Mot. 2:20-

8

23.)

"Under [section] 708.520, a court may issue an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned upon a showing of need for the order." Legal Additions LLC v. Kowalksi, No. C-08-2754, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011) (internal quotation marks omitted). However, "[a]s the court is denying Plaintiff's request for assignment under [section] 708.510, the court also declines to issue a restraining order." Garden City Boxing Club, Inc. v. Briano, No. CIV-F-06-1270, 2007 WL 4463264, at *2 (E.D. Cal. Dec. 17, 2007). Therefore, Plaintiff's request for an injunction is DENIED.

### III. CONCLUSION

For the stated reasons, Plaintiff's request for post-judgment orders is DENIED.

Dated:  April 13, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge